## CHARLES GRINNELL, Appellant, &c. *versus* ALBERT G. BAXTER.

It is not competent for this Court, upon an appeal from the Court of Probate, to exercise its general equity powers, but it is bound to make such a decree only, as the inferior Court of Probate should have made.

Where a note secured by mortgage had been due more than six years at the time of the death of the maker, and the holder was appointed administrator of his estate, and presented the note for allowance to the Probate Court, but it was rejected, it was *held*, that whatever rights the administrator might have as mortgagee, his claim on the note was barred by the statute of limitations, and so was rightly rejected.

But *it seems*, that if the creditor of an intestate is appointed administrator, he is within the equity of the exception in the *St.* 1793, *c.* 75, § 3, [Revised Stat. *c.* 120, § 10,] which provides, that if the suit is not barred at the time of the death of the intestate or within thirty days previous, the creditor may commence his action within two years after the grant of administration, and the taking out administration and holding the property in his own control would be deemed equivalent to the commencement of an action.

APPEAL from a decree of the judge of probate for the county of Bristol.

The parties stated a case   The appellant and the appellee were heirs of Moses Grinnell, who died on December 31, 1821 ; and the appellant was also the administrator of his estate

The appellant appealed from a decree of the judge of probate made on November 8, 1833, respecting his first administration account, because the judge considered that the following notes, made by the intestate, to wit, a note dated January 1, 1805, for $382·28, a note dated January 1, 1809, for $298·20, a note dated May 12, 1812, for $28, and an account for $11·70, amounting, with the interest, to the sum of $1838·86, which were included in the appellant's private claim against the intestate, were barred by the statute of limitations, and therefore ordered, that the appellant should not be allowed the same

The note of January 1, 1805, which was made by the intestate to Susannah Grinnell, and indorsed to the appellant, was witnessed by the appellant ; the others were not witnessed.

The notes, which were all payable on demand, and the account, were secured by a mortgage deed from the intestate to

the appellant, dated May 3, 1815. On the back of the deed was the following memorandum, signed by the intestate and attested by a witness: " February 21, 1816. Received of Charles Grinnell eighty-four dollars. I agree and promise to pay on the same conditions as the within instrument, as per note of hand of this date." The intestate left no personal estate.

If upon these facts it should appear to the Court, that the recovery of the demands so disallowed by the judge of probate was barred by the statute of limitations, or that the appellant could not avail himself of them upon a settlement of his administration account, then the decree was to be affirmed ; otherwise, the Court were to allow the whole or any part of the claims, and make such decree thereon as should be conformable to the law.

*Spooner* and *Warren*, for the appellant. The claims of the appellant, which were disallowed, were not barred by the statute of limitations, because that statute applies to personal actions only. This is not an adversary suit.

As these claims were secured by mortgage, they may be regarded as specialty debts, and are subject to that limitation only which is applicable to mortgages. It is true that the securities are not declared on in an action on the mortgage ; but they must be exhibited in order to ascertain the amount of the conditional judgment. *Davis* v. *Maynard*, 9 Mass. R. 242 ; *Cary* v. *Prentiss*, 7 Mass. R. 63 ; 4 Kent's Comm. 178 ; *Inches* v. *Leonard*, 12 Mass. R. 379.

The indorsement on the mortgage deed may be considered as taking these claims out of the statute, or as rebutting the presumption of payment. *King* v. *Riddle*, 7 Cranch, 168.

But the Court have jurisdiction in equity over this question, as a case of trust arising in the settlement of an estate, and the statute of limitations is not applicable to trusts. *Hemenway* v *Gates*, 5 Pick. 321 ; *Farnam* v. *Brooks*, 9 Pick. 12.

*Eddy* and *E. P. Hathaway*, for the appellee, to the point that the claims of the appellant were barred by the statute of limitations, cited *Richmond, Petitioner*, 2 Pick. 567 ; *Rogers* v. *Rogers*, 3 Wendell, 503 ; and to the point, that the demands were not taken out of the statute by the indorsement

on the mortgage deed, *Robarts* v. *Robarts*, 1 Moore & Payne, 487.

SHAW C. J. delivered the opinion of the Court. This is an appeal from the decree of the judge of probate disallowing certain claims of the appellant in his administration account, being his own personal claims against his intestate.

This cause has been placed upon considerations of general equity ; and because these personal demands were connected with a mortgage held by the administrator against his intestate, it is contended that it gives him an equitable claim to have them allowed in this form. But the Court are of opinion, that this ground is untenable. This Court has extensive powers as a court of equity and as a court of common law. But it is important, that these jurisdictions should be kept distinct, especially on account of the different remedies they are intended to afford. We are now sitting as a Supreme Court of Probate to revise the doings of a Probate Court, and are bound to make such decree as the regular Court of Probate ought by law to make, in the like case.

The jurisdiction of the judge of probate over the private demands of the administrator against his intestate, arises from necessity, because the administrator cannot bring a suit ; but it is to be treated in most if not in all respects, as if it were a personal action, by a third person, against the administrator. The statute of limitations, which would have been a good bar, had a third person been appointed administrator, is a good bar against the administrator.

It would probably be held, that an administrator would be within the equity of the exception of the statute, providing that, if the suit was not barred at the time of the death of the intestate, or thirty days previous, the creditor should have two years from the time of administration taken, to commence his suit. *St.* 1793, *c.* 75, § 3. As the administrator can commence no suit, it might well be held, that, taking administration, and having the estate in his own control, should be deemed equivalent. But that principle would not avail the administrator in the present case.

Whatever rights the administrator had as mortgagee, either for the security of the notes for which the mortgage was origi-

nally given, or for the demand indorsed thereon, we think his right to maintain a personal action against his intestate was barred at the time of his decease, and therefore the claim of the administrator to be allowed them in his account, as a charge upon the intestate's personal property, was rightly rejected.

*Decree of Probate Court affirmed.*